**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PARIS PLASTICS, LTD. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:06cv477 |
| vs. | § § | JURY |
| CEQUENT TRAILER PRODUCTS, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Paris Plastics, Ltd. ("PPL"), files this Plaintiff's Original Complaint, and for their claims against Cequent Trailer Products, Inc. ("Defendant") respectfully shows the Court as follows:

### I. INTRODUCTION

1.  This is a civil action that arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2.  PPL brings this action seeking the following declarations: (i) each claim of U.S. Patent No. 6,874,764 ("the '764 patent") is invalid and/or unenforceable; and (ii) PPL has not before and does not now directly or indirectly infringe any claim of the '764 patent. A copy of the '764 patent is attached as Exhibit 1.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

## II. THE PARTIES

3. PPL is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business at Route 2, Box 158, Sumner, Texas, 75486.

4. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1050 Indianhead Drive, Mosinee, Wisconsin, 54455. Defendant may be served with process upon its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and this Court's inherent power to declare the rights and other legal relationships between the parties hereto.

6. This Court has personal jurisdiction over the Defendant as it: (i) regularly solicits business in Texas and in this judicial district; (ii) engages in a persistent course of conduct by conducting business in Texas and in this judicial district; and (iii) derives substantial revenue from goods sold in Texas and in this judicial district.

7. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) and (c).

## IV. THE PATENT-IN-SUIT

8. On or about August 30, 2002, Defendant filed its initial application to patent a mechanical screw jack with a stroke limiting nut. On or about April 5, 2005, the '764 patent was issued by the United States Patent and Trademark Office.

9. Upon information and belief, Defendant is the exclusive assignee of the '764 patent and holder of all substantial rights thereto.

## V. BACKGROUND

10. The facts underlying this complaint show that there is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201.

11. On or about July 10, 2006, counsel for Defendant sent a letter ("demand letter") to PPL alleging that PPL sells trailer jacks that infringe upon the '764 patent. The demand letter also made several demands, including a demand that PPL cease and desist from selling certain trailer jacks.

12. In addition to the demands and allegations contained in the demand letter, Defendant threatened litigation against PPL by stating "[w]hile we hope that this matter can be resolved expediently and amicably, please know that Defendant is resolute to protect its intellectual property rights…."

13. On or about August 24, 2006, PPL responded ("denial letter") to the demand letter by denying all of Defendant's demands and allegations. In their denial letter, PPL clearly stated that it does not sell any products that infringe upon the '764 patent and further questioned the validity of the '764 patent.

14. On or about September 29, 2006, Defendant responded ("response letter") to the denial letter. In their response letter, Defendant reasserted their contention that PPL sells trailer jacks that infringe upon the '764 patent. Further, the response letter listed specifically which claims PPL allegedly infringes and reiterated their demand that PPL cease and desist from selling certain trailer jacks.

15. Based on Defendant's communications with PPL, its demands, its assertion that PPL infringes the '764 patent and its veiled threat to engage in litigation, Defendant has created in PPL the apprehension that Defendant will initiate a patent infringement suit against PPL, alleging that PPL infringes the '764 patent.

16. An actual and justiciable controversy exists between PPL and Defendant as to whether the '764 patent is invalid and/or infringed. Absent a declaratory judgment of invalidity and/or non-infringement, Defendant will continue to wrongfully assert its claims against PPL and thereby cause PPL irreparable injury and damage.

## VI. CLAIMS

**A.     DECLARATORY JUDGMENT OF INVALIDITY OF THE '764 PATENT**

17. PPL hereby restates and realleges the allegations set forth in paragraphs 1 through 16 above and incorporates them by reference.

18. Upon information and belief, each claim of the '764 patent is invalid and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**B.     DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '764 PATENT**

19. PPL hereby restates and realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

20. PPL has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any claim of the '764 patent, either literally or under the doctrine of equivalents.

## VII. PRAYER FOR RELIEF

WHEREFORE, PPL prays for judgment as follows:

1.  Declaring that each claim of the '764 patent is invalid and/or unenforceable;

2.  Declaring that PPL has not infringed and is not infringing, directly, indirectly or contributorily, any claims of the '764 patent;

3.  Declaring that Defendant and each of its officers, employees, agents, alter egos, attorneys and any person in active concert or participation with them, be restrained and enjoined from further prosecuting or instituting any action against PPL claiming that the '764 patent is valid or infringed, or from representing that any of PPL' products infringe the '764 patent;

4.  Declaring this case exceptional under 35 U.S.C. § 285 and awarding PPL its attorney fees and costs in connection with this case;

5.  Awarding PPL such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

PPL requests that the trial of this matter be heard before a jury pursuant to Federal Rule of Civil Procedure 38.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 5**

Dated: November 22, 2006.

                                 Respectfully submitted,

                                 _____/s/ Collin D. Kennedy_____
                                 Collin D. Kennedy
                                 Texas State Bar No. 24012952
                                 E-Mail: cdk@hanshawkennedy.com
                                 **Lead Attorney**

                                 Hastings L. Hanshaw
                                 Texas State Bar No. 24012781
                                 E-Mail: hlh@hanshawkennedy.com

                                 **HANSHAW KENNEDY, LLP**
                                 2500 Legacy Drive, Suite 230
                                 Frisco, Texas  75034
                                 Telephone:  (972) 731-6500
                                 Facsimile:  (972) 731-6555

                                 **ATTORNEYS FOR PLAINTIFF**
                                 **PARIS PLASTICS, LTD.**